IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| GEORGETOWN COUNTY SCHOOL ) | |
| DISTRICT, SOUTH CAROLINA; JOE ) | |
| CROSBY, CHAIRPERSON, in his official ) | |
| capacity; JIM DUMM, BOARD MEMBER, in ) | |
| his official capacity; BENNY ELLIOTT, ) | |
| BOARD MEMBER, in his official capacity; ) | |
| SARAH ELLIOTT, BOARD MEMBER, in her ) | |
| official capacity; LYNN FREEMAN, BOARD ) | |
| MEMBER, in his official capacity; SCOTT ) | |
| HUTTO, BOARD MEMBER, in his official ) | |
| capacity; BOB JEWELL, BOARD MEMBER, ) | |
| in his official capacity; ELERY LITTLE, ) | |
| BOARD MEMBER, in his official capacity; ) | |
| JOHNNY WILSON, BOARD MEMBER, in ) | |
| his official capacity; and the GEORGETOWN ) | |
| COUNTY BOARD OF ELECTIONS AND ) | |
| REGISTRATION; ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

The United States of America, plaintiff herein, alleges:

1. The Attorney General files this action pursuant to Sections 2 and 12(d) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, and 42 U.S.C. § 1973j(d).

## JURISDICTION

2. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 1973j(f).

## PARTIES

3. Defendant Georgetown County School District (the "District") is a political and geographical subdivision of the State of South Carolina.

4. Defendants Joe Crosby, Jim Dumm, Benny Elliott, Sarah Elliott, Lynn Freeman, Scott Hutto, Bob Jewell, Elery Little, and Johnny Wilson, are elected members of the Georgetown County Board of Education (the "Board"), the body established under the laws of the State of South Carolina that is responsible for governing the District.

5. Defendant Georgetown County Board of Elections and Registration is responsible for exercising certain powers and duties associated with the conduct of elections for the Georgetown County School District.

## ALLEGATIONS

6. Section 2 of the Voting Rights Act, as amended, 42 U.S.C. § 1973, prohibits the enforcement of any voting qualification or prerequisite to voting or any standard, practice, or procedure that results in the denial or abridgement of the right to vote on account of race or color.

7. The plaintiff alleges that the at-large method of electing the Board dilutes the voting strength of African American citizens in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

8. According to the 2000 Census, Georgetown County (the "County"), which is coterminous with the District, has a total population of 55,797 of whom 21,541 (38.6%) are African American and 33,307 (59.7%) are white.

9. According to the 2000 Census, the County has a total voting age population of 41,753, of whom 14,235 (34.1%) are African American and 26,859 (64.3%) are white.

10. The Board is composed of nine members who are elected at large to four-year staggered terms. This electoral system includes the specific at-large election of the Board Chairperson.

11. Racially polarized voting patterns prevail in elections in the County. African American voters voting for the Board are politically cohesive. White bloc voting usually results in the defeat of candidates who are preferred by African American voters. That is, in District elections since 2002, white voters have consistently voted as a bloc so as to defeat every African American preferred African American candidate.

12. The African American population of the County is sufficiently numerous and geographically compact that a properly apportioned single-member district plan for electing the Defendant Board can be drawn in which black citizens would constitute a majority of the total population, and voting age population in three districts.

13. African Americans in the County have suffered from a history of official discrimination.

14. Significant socioeconomic disparities exist between white and African American residents of the County. Such disparities have the effect of limiting African American participation in the District's at-large elections.

15. Social, civic, and political life in the County is divided along racial lines. This racial separation results in African American candidates for the Board having less opportunity than white candidates to solicit the votes of the majority voters who are white.

16. Georgetown County elections are characterized by the use of unusually large election districts, majority vote requirements, staggered terms, primary elections which produce nominees, and other voting practices or procedures that may enhance the opportunity for discrimination against the minority group. Geographic features in the county further impair the ability of African American candidates to campaign and be elected.

17. African Americans in Georgetown County bear the effects of discrimination in such areas as education and employment, which hinders their ability to participate effectively in the political process.

18. Political campaigns in Georgetown County have been characterized by subtle and overt racial appeals.

19. African Americans have been elected to public office in Georgetown County with decreasing frequency and at levels below their representation in the population.

20. The policy underlying maintaining the existing practice of at-large elections for the Board is tenuous. Justifications offered to maintain the current at-large election of the Board, such as ensuring broad county-wide representation on the Board, are demonstrably tenuous when the majority members on the Board live within a three mile radius of each other. Moreover, justifications offered to maintain the current at-large election system to ensure a broad county-wide constituency are demonstrably tenuous when the Board does not have a single

representative from a minority community which represents over 38 percent of the population of Georgetown County.

## CAUSE OF ACTION

21. Under the totality of the circumstances, the at-large method of electing the Board has the effect of diluting African American voting strength, resulting in African American citizens being denied an opportunity equal to that afforded to other members of the electorate to participate in the political process and elect representatives of their choice, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

22. Unless enjoined by order of this Court, Defendants will continue to conduct elections for the Board under the present method of election that denies African American citizens the opportunity to participate equally with white citizens in the political process and to elect candidates of their choice, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that the Court enter an order:

(1) Declaring that the at-large method of electing Board members violates Section 2 of the Voting Rights Act;

(2) Enjoining Defendants, their agents and successors in office, and all persons acting in concert with any of them, from administering, implementing, or conducting any future elections for the District under the current at-large method of electing members;

(3) Ordering the implementation of an election system for the District which complies with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973; and

(4) Ordering such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

MICHAEL MUKASEY
Attorney General

GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division

KEVIN F. MCDONALD
Acting United States Attorney
BARBARA BOWENS
Assistant United States Attorney
District of South Carolina

_____
CHRISTOPHER COATES
Acting Chief, Voting Section

_____
J. CHRISTIAN ADAMS
ERNEST A. MCFARLAND
AMANDA E. GREGORY
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue
Washington, D.C. 20530
(202) 616-4227 (phone)
(202) 307-3961 (facsimile)

Attorneys for United States of America

|     |     |
| --- | --- |
| BY: | S/Barbara M. Bowens |
|     | By: BARBARA M. BOWENS (I.D.# 4004) |
|     | Assistant United States Attorney |
|     | 1441 Main Street, Suite 500 |
|     | Columbia, South Carolina 29201 |
|     | (803) 929-3000 |
|     | Attorneys for the United States |

March 14, 2008