IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08-889 DCN |
| | ) | |
| GEORGETOWN COUNTY SCHOOL DISTRICT, SOUTH CAROLINA; JOE CROSBY, CHAIRPERSON, in his official capacity; JIM DUMM, BOARD MEMBER, in his official capacity; BENNY ELLIOTT, BOARD MEMBER, in his official capacity; SARAH ELLIOTT, BOARD MEMBER, in her official capacity; LYNN FREEMAN, BOARD MEMBER, in his official capacity; SCOTT HUTTO, BOARD MEMBER, in his official capacity; BOB JEWELL, BOARD MEMBER, in his official capacity; ELERY LITTLE, BOARD MEMBER, in his official capacity; JOHNNY WILSON, BOARD MEMBER, in his official capacity; and the GEORGETOWN COUNTY BOARD OF ELECTIONS AND REGISTRATION; | ) | |
| | ) | |
| Defendants. | ) | |

**CONSENT JUDGMENT AND DECREE**

The United States filed this action alleging that the current at-large method of electing the members of the Georgetown County Board of Education (the "Board") results in black citizens of the County having less opportunity than white citizens to participate in the political process and elect candidates of their choice, in violation of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973 ("Section 2").

The parties, through counsel, have conferred extensively and agreed that it is in the best interest of all parties that this lawsuit be resolved without the expense of further protracted, costly and potentially divisive litigation. Moreover, the parties seek to ensure that redistricting of the voting districts used in the election of the members of the Board, following receipt of the 2010 Census data, be done in compliance with Section 2. Accordingly, the parties have entered into the following Consent Decree (the "Decree"), as an appropriate resolution of this civil action.

The parties stipulate as follows:

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 1973j(f). The parties agree to waive obligations under the Federal Rules of Civil Procedure and Local Civil Rules to the service of an answer and obligations to provide initial disclosures under Local Rule 26.01, unless and until the Court determines that service of an answer and the exchange of initial disclosures must take place.

2. Defendant Georgetown County School District (the "District") is a political and geographical subdivision of the State of South Carolina. The District's jurisdiction extends to the whole of Georgetown County, South Carolina.

3. Defendants Joe Crosby, Jim Dumm, Benny Elliott, Sarah Elliott, Lynn Freeman, Scott Hutto, Bob Jewell, Elery Little, and Johnny Wilson, are elected members of the Board, the body established under the laws of the State of South Carolina that is responsible for governing the District. They are sued only in their official capacities and not in their personal capacities.

4. Defendant Georgetown County Board of Elections and Registration is responsible for exercising certain ministerial powers and duties associated with the conduct of elections for the District and is a necessary party for complete relief in this matter.

5. The Board consists of nine members elected in at-large, partisan contests for staggered, four-year terms. Four members were elected in 2004 and four members were elected in 2006. Pursuant to South Carolina law, there is a majority vote requirement in the primary, but not in the general election. *See* S.C. Code Ann. § 7-17-600 (2006); S.C. Atty. Gen. Op. dated January 13, 1978 (1978 WL 35075).

6. The Board is presided over by a Chairperson who is nominated and elected in county-wide, partisan elections. The Board Chairperson was elected in 2004.

7. According to the 2000 Census, Georgetown County (the "County"), which is coterminous with the School District, has a total population of 55,797, of whom 21,541 (38.6%) are black and 33,307 (59.7%) are white. According to the 2000 Census, the County has a total voting age population of 41,753 of whom 14,235 (34.1%) are black and 26,859 (64.3%) are white.

8. While the Defendants have not and do not concede the ultimate issue of Section 2 liability, Defendants nonetheless acknowledge that there is a strong likelihood that Plaintiff would prevail were this action to proceed to trial because there is a basis in both fact and law for contending that the current at-large method of electing members of the Board, under the totality of the circumstances, results in black citizens of the District having less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice in violation of Section 2. The usual and appropriate remedy for methods of election

that dilute minority voting strength in violation of Section 2 is the drawing of new plans that do not dilute minority voting strength. *See Branch v. Smith*, 538 U.S. 254, 299-300 (2003); *Growe v. Emison*, 507 U.S. 25, 39-40 (1993).

9. Defendants have agreed to discontinue use of the current at-large method of electing members of the Board and, in place thereof, to adopt a voting plan for Board elections that provides for two at-large seats and seven single-member districts, which are coterminous with the County Council districts and share the corresponding County Council district numbers. In three of the single-member districts, black citizens will constitute a majority of the age-eligible population residing in those three districts. Defendants have agreed that the Board Chairperson will no longer be elected in a county-wide election, but rather shall be selected by the Board members.

10. Defendants have agreed to support and seek passage of legislation, to be drafted by the local legislative delegation, that would codify the election method adopted by this Decree.

THEREFORE, with the consent of the parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendants, their officers, agents, employees, successors, and all persons in concert with them in the performance of their official functions are enjoined from conducting any election for the Board based on the existing at-large election plan.

2. Defendants shall, on or before the general election currently scheduled for November 4, 2008, adopt the following election plan, which creates three majority black districts in compliance with Section 2 of the Act:

    a. seven Board members shall be elected in non-partisan contests from single-member districts, which are coterminous with the County Council districts and share the corresponding County Council district numbers, as set forth in Attachments A and B and updated consistently with the County Council districts thereafter, when the County Council districts change;

    b. two Board members shall be elected at-large in non-partisan contests;

    c. the two at-large positions referenced above in Subparagraph 2b shall be filled by the two candidates receiving the highest number of votes; and

    d. the Board Chairperson shall be selected by the Board from Board membership.

3. The schedule for implementing the new method of election shall be as follows:

    a. On November 4, 2008, seven district Board members shall be elected. Candidates running in Districts 1, 3, 4, 5, and 6 shall run for four-year terms expiring in 2012. Candidates running in Districts 2 and 7 shall run for two-year terms expiring in 2010. Thereafter, all Board members shall be elected to four-year terms.

    b. On November 2, 2010, both at-large Board members, in addition to the Board members for Districts 2 and 7, shall be elected.

4. Current Board members Benny Elliott and Jim Dumm will remain on the Board until 2010, as the designated at-large Board members. The terms of office of all other incumbent

Board members shall be shortened to the extent necessary to comply with the election schedule set forth in Paragraphs 2 and 3.

5. Defendants shall cooperate with the local legislative delegation in the drafting and passage of legislation creating the election system for the Board set forth in Paragraphs 2 through 4.

6. Except as inconsistent with or specifically altered by the terms of this Decree, all state laws shall continue to govern elections for the Board.

7. Subsequent to the entry of this Decree, should Defendants or their successors desire to change or depart from the terms of the Decree, any such change or departure shall be made in accordance with the provisions of Paragraph 9. Any revision to the district map and method of election outlined in this Decree shall be made in compliance with Section 2 of the Act and applicable constitutional standards. Further, any revised district map or method of election shall be submitted to the Attorney General for review under Section 5 of the Act.

8. Defendants shall, within 20 days after entry of this Decree, submit to the Attorney General for preclearance under Section 5 of the Voting Rights Act, 42 U.S.C. 1973c, the voting changes occasioned by this Decree.

9. This Court shall retain jurisdiction over this matter to enforce the provisions of the Decree and for such further relief as may be appropriate. If the local legislative delegation fails to enact local legislation embodying a districting plan of the kind required by this Decree, this Court shall retain jurisdiction and order into effect a method of election and districting plan that satisfies the terms of this Decree and the legal standards in existence at that time, including those standards under the Voting Rights Act and the United States Constitution.

10. As between Defendants and the United States, each party shall bear all of its own costs, expenses and attorneys' fees in this case.

ENTERED and ORDERED this 21st day of March, 2008.

UNITED STATES DISTRICT JUDGE

We ask for this:

FOR THE UNITED STATES:

*/s/ Grace C. Becker*
_____
GRACE CHUNG BECKER
Acting Assistant Attorney General
Civil Rights Division


*/s/ Barbara M. Bowens*
_____
KEVIN F. MCDONALD
Acting United States Attorney
BARBARA BOWENS
Assistant United States Attorney
District of South Carolina


*/s/ Christopher Coates*
_____
CHRISTOPHER COATES
Acting Section Chief
J. CHRISTIAN ADAMS
ERNEST A. MCFARLAND
AMANDA E. GREGORY
Trial Attorneys
Voting Section
Civil Rights Division
Department of Justice
1800 G Street, N.W., Room 7124
Washington, D.C. 20006
(202) 616-4227

FOR THE GEORGETOWN COUNTY SCHOOL BOARD
AND MEMBERS IN THEIR OFFICIAL CAPACITY:

_____

DAVID T. DUFF
ANDREA E. WHITE
Duff, White & Turner, LLC
2700 Forest Drive, Suite 404
Columbia, South Carolina 29204
(803) 790-0603


FOR THE GEORGETOWN COUNTY BOARD
OF ELECTIONS AND REGISTRATION:

_____

BILLY ALTMAN
Chairperson, Georgetown County Board of
Elections and Registration
303 North Hazard Street
Georgetown, South Carolina 29440


FOR THE BOARD OF TRUSTEES
OF THE GEORGETOWN COUNTY SCHOOL DISTRICT

_____

JOE M. CROSBY
Chairperson, Board of Trustees
Georgetown County School District
2018 Church Street
Georgetown, South Carolina 29440